JUSTICE KINSER,
concurring.
I agree with the majority’s rationale and decision that the medical malpractice recovery cap contained in Code § 8.01-581.15 does not violate any provision of either the Constitution of the United States or the Constitution of Virginia.* I reach this conclusion without considering the role that stare decisis should play in this case. I write separately for the sole purpose of expressing my belief that the medical malpractice cap creates an unwarranted injustice in certain situations.
The General Assembly has the responsibility to protect the health, welfare, and safety of the citizens of this Commonwealth through appropriate legislation. However, the medical malpractice cap works the greatest hardship on those individuals who are the most severely injured by the negligence of health care providers. Nevertheless, I cannot be influenced by such concerns when deciding the constitutionality of a challenged statute. I can only express my views with the hope that the General Assembly will adopt a more equitable method by which to ensure the availability of health care in this Commonwealth.

 I also agree with the majority’s decision that Coastal Emergency Services of Richmond, Inc., is a “health care provider” under Code § 8.01-581.1 and that prejudgment interest is subject to the medical malpractice cap.